UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

22ND CENTURY GROUP, INC.,

    Plaintiff,

v.                                          CASE NO. 8:14-cv-2546-T-23TBM

CHARLES BRINK, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

This litigation arises from a failed business transaction in which the plaintiff attempted to purchase the defendants' ownership interest in a company and in the company's subsidiaries and affiliates. Although the parties signed a "letter of intent," the parties never completed the transaction. The plaintiff sues (Doc. 1) for breach of contract (Count I), "fraudulent inducement and misrepresentation" (Count II), and negligent misrepresentation (Count III). The defendants move (Doc. 17) to dismiss Count I for failure to join required parties,[1] move to dismiss Counts II and III for failure to state a claim, and move to dismiss Count II for failure to plead with particularity in accord with Rule (9)(b), Federal Rules of Civil Procedure.

---

[1] The defendants' motion employs "necessary parties," not "required parties." However, "[a]s restyled in 2007, necessary parties are now described . . . as 'required parties.'" *Moore's Federal Practice*, Vol. 4, § 19.03[1] (3d ed. 2014).

**1. Required Parties**

Entitled "PERSONS REQUIRED TO BE JOINED IF FEASIBLE," Rule 19(a), Federal Rules of Civil Procedure, states:

> (1) *Required Parties.* A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
>
> (A) . . .
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The defendants explain that the letter of intent between the parties includes signatories that the plaintiff failed to name in the complaint. Citing Rule 19(a)(1)(B), the defendants argue that the remaining signatories are required parties,[2] whom under Rule 19(a)(2), "the court must order . . . [to] be made a party."[3]

The defendants list several reasons for finding that the remaining signatories are required parties, but the defendants fail to address whether each remaining

---

[2] Rule 19(a)(1)(B) describes two forms of required parties, but the defendants conflate the two.

[3] At the outset, the defendants' motion states, "[T]his Court should dismiss Count I as a result of [the plaintiff]'s failure to join necessary parties." (Doc. 17 at 1) However, later the motion states, "[T]his Court should enter an Order compelling the joinder of [the remaining signatories], or, to the extent [the plaintiff] fails to join such parties, an Order dismissing this case." Under Rule 19(a)(2), the proper remedy if Rule 19(a)(1) applies is for "the court [to] order that the [required party] be made a party."

- 2 -

signatory is "subject to service of process," which Rule 19(a)(1) requires.  Stated differently, the defendants fail to address whether joinder is "feasible" under Rule 19(a)(1).  *See Moore's Federal Practice*, Vol. 4, § 19.02[3][b] (3d ed. 2014) ("An absentee who is required must be 'subject to service of process' in the pending case.  Although [required], if the absentee cannot be brought within the personal jurisdiction of the district court, joinder is infeasible.").

The plaintiff explains that the remaining signatories are foreign corporations that "conduct business in Ireland and Canada[ and] are not subject to this Court's jurisdiction."  (Doc. 21 at 5 n.1)  The defendants implicitly concede the infeasibility of joining the remaining signatories (i.e., the inability to serve the remaining signatories with process) by explaining that the remaining signatories "have provided the [defendants' attorney] conditional authority to consent to this Court's jurisdiction over them."  (Doc. 17 at 13 (footnote omitted))  However, even assuming that consent may substitute under Rule 19(a)(1) for service of process, a footnote in the motion explains that the authority granted by the remaining signatories is subject to conditions precedent that have not occurred.[4]  In other words, the remaining signatories have yet to consent to litigating in Florida.

Because the remaining signatories are not subject to service of process and have not consented to litigating in the Middle District of Florida, joinder is infeasible even if the remaining signatories are otherwise "required" under Rule 19(a)(1).

---

[4] The defendants explain that each remaining signatory conditions the consent on the dismissal of, or the stay of, related litigation occurring outside the United States.

Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Because "joint obligors are not indispensable parties to a suit based on breach of contract," "it follows that 'in equity and good conscience,' it must be concluded that th[is] action should proceed . . . ."[5] *Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 587 (11th Cir. 1983); *accord* Wright & Miller, *Federal Practice and Procedure*, Vol. 7, § 1613 (4th ed. 2014) ("Joint obligors . . . are not deemed indispensable under Rule 19(b)."); *Moore's Federal Practice*, Vol. 4, § 19.06[3] (3d ed. 2014) ("If joinder of a co-obligor is infeasible, . . . most courts seem to proceed in their absence rather than dismiss."). Thus, this action will proceed without the remaining signatories, required or not.

**2. Failure to State a Claim**

Assuming that New York law applies to Counts II and III, the defendants argue that neither Count II nor Count III states a claim. The plaintiff responds extensively by arguing that Florida law applies and that both Count II and Count III state a claim under Florida law. Because briefing is incomplete, this order defers consideration of the defendants' motion to dismiss for failure to state a claim.

---

[5] The plaintiff's response brief offers further reason to find dispensable the remaining signatories. (*See* Doc. 21 at 8–9) The defendants ignore the dispensability issue.

**3. Pleading with Particularity**

Rule 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Accordingly, a complaint alleging fraud must describe the "'who,' 'what,' 'where,' 'when,' and 'how'" of the alleged fraud.  *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1327 (11th Cir. 2009).

The defendant argues that Count II — a claim for "fraudulent inducement and misrepresentation" — flouts Rule 9(b).  However, in extensive detail, the complaint alleges (1) the content of the false statements, (2) the methods of disseminating the false statements, (3) the defendant responsible for each false statement, (4) the time and place of each false statement, and (5) the motive for each false statement. (Doc. 1 ¶¶ 19, 33–43, 65, 83)  By pleading sufficiently the "time, place, and substance of the defendant[s'] alleged fraud," *U.S.* ex rel. *Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002), the complaint complies with Rule 9(b).

## CONCLUSION

The defendants' motion (Doc. 17) to dismiss Count I for failure to join required parties is **DENIED**.  The defendants' motion (Doc. 17) to dismiss Count II for failure to plead with particularity is **DENIED**.  Resolution of the defendants' motion (Doc. 17) to dismiss Counts II and III for failure to state a claim is deferred. No later than **FEBRUARY 19, 2015**, the defendants may reply in support of the

motion to dismiss for failure to state a claim.  The response must not exceed ten pages and must explain (1) whether the choice-of-law provision in the letter of intent governs Counts II and III, (2) assuming that the choice-of-law provision is inapplicable, what state's law governs Counts II and III, and (3) assuming Florida law governs, whether Counts II and III state a claim.  A failure to reply timely will be deemed as agreement with the plaintiff's response.

ORDERED in Tampa, Florida, on February 5, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE